Mr. Burke, sorry. I may please the court, your honors, counsel. My name is Asa Burke. I'm an attorney with Kalar-Doling out of Fargo, North Dakota, and I'm here today on behalf of the appellant in this matter, John Karr. Now, the case before the court currently is on the validity of an oil and gas construction pipeline lien that was filed by Mr. Karr to protect payment that he is entitled to do to work that he performed under contract for Oil & Gas Transfer L.L.C., who is generally referred to as OGT. This was for work largely performed on the Nesson 2 pipeline project, and OGT was involved in the construction of oil and gas pipeline projects before it went defunct and dissolved, or stopped operating at the very least. OGT had approximately three projects that it had previously been working on through the same owners, but it failed to complete either one, failed to complete two out of those three projects before Karr was brought on. Karr, using his skill, his know-how, his abilities, completed the Nesson pipeline that he was personally overseeing, and he did so profitably to the tune of approximately $10 million or more. OGT failed to pay him the 12.5% profit that he was entitled to under the terms of the contract that he had with OGT, so he filed the lien to protect those funds that were not yet paid out. Karr brought the president to action, seeking to get a declaratory judgment that the lien was invalid, and on summary judgment, the lower court ruled that Karr was an employee of OGT, and as a matter of law, employees are not entitled to oil and gas pipeline liens. We believe the court was wrong on both of those issues, but I'd like to first address the employment issue, and we believe that, well, we believe that Karr was not an employee, but even if he was, we believe that the court was premature in granting summary judgment on that, and this should have been sent to trial for the fact-finder to decide. Employment issues are very fact-intensive questions. I think we cited a case showing 12 or more factors that need to be considered when determining whether someone's an employee. We also cited statutes in North Dakota showing 20 non-exclusive factors, and further, you're not able to mechanically calculate these factors. You need to look at them in the facts, in the context of the case, weigh them. Some get more weight, some get less weight. Typically, the most significant is the ability to control his work, right? That is correct. What evidence, if any, is there that OGT could control his work, or couldn't control his work, I should say? Well, and that's, at this point, it's just the contention of the parties as to what control each side has, and we believe part of that should have gone to the fact-finder, so they could see the evidence. Now, wait, wait, we're at the summary judgment stage, so at this point, you know, one side comes forward with stuff, the other side comes forward with materials, so help me, we're not at the stage, at the pleading stage, where you make allegations and we proceed then somewhere. Where are we on the facts that were put in? What's your best fact that they couldn't control him? Well, the best fact that they couldn't control, suppose that's one of the factors, it's probably the most, but it's one of them. Yeah, but help me, what is the best fact that they couldn't control him? The best fact that they couldn't control was that Carr was essentially put in charge of everything and was left to his own devices, wasn't determined upon, he didn't have to come to them for permission, he was able to do the work that needed to be done using his skills, his abilities, and the way that he saw fit. There's not a close North Dakota case, right? For employment matters. On this issue. On this issue. Specifically for the lien issue, there is no close one whatsoever that we could find. We looked jurisdictions outside of North Dakota and found that they may be helpful to show how some courts could rule, some parts may be advisable, but the statutes are just so different that we need to see. Does anybody else have an oil and gas pipeline lien? The other state. There are a number of other states that do. There are, in fact, at least, I know California has, I think, almost exactly the same language, but they have not decided this issue either. This is, as far as we can tell, this is brand new. But we have found several cases where employees have been entitled to liens. And the point of that is to show that this is not an unusual outcome, this is not something that would be unique to North Dakota. Counsel, do you know whether that language originated in North Dakota, or whether it was borrowed from another state, such as California? That I do not know. I tried to look into that and struggled to find anything that was really. Does North Dakota have legislative history or not? Some of our states do, some don't. They do, but they're not very helpful. It's hard to find the discussions that were had on those. So I did look into that. Some states intentionally do not publish the actual legislative history. That may be the case with North Dakota, because I didn't find anything. We believe, at least, the issue of whether he's an employee or not should go to trial, let that be determined. But we do believe, too, that the pipeline construction lien is a separate issue. And as we say in our brief, we believe that an employee is entitled to a pipeline construction lien. And one thing to keep in mind is this lien here is a tool to enforce the contractual obligations, and that is how CAR is using it. In fact, that's one of the very first elements of the statute, is a person under contract. Because let me ask you about that. If this statute was intended to apply to employees, why does it include that language, under contract? It seems like an odd phraseology to use if it was intended to apply to employees. I believe the reason to do that is to show that the parties had agreed that this work would be performed. Someone isn't coming on and trying to work on the project in the middle of the night and submit a bill. They have an agreement. They're doing this under contract, not as a subcontractor, but everyone has agreed that this would be performed and that it would be paid. That way of thinking about it, does every employee, are they under an at-will contract in North Dakota? Pardon? Is every employee in North Dakota under an at-will contract? I don't know that, Your Honor, but I do believe that the at-will is the general rule in North Dakota. But in this case, there is a specific contract that he had with OGT said that he's gonna be there for one year. If they cancel the contract in advance, he's entitled to compensation for that. So we believe that kinda goes back to the employment issue. An important thing to realize too is North Dakota, the North Dakota Supreme Court has said that the statutory lien laws are remedial to be liberally construed to protect those who contribute labor, skill, materials. So we believe that that's absolutely applicable here. Any kind of ambiguity, any close calls, any uncertainty should go in favor of CAR, not OGT. On page five of your reply brief, you did a good job of laying out the statute and referencing the cross-reference definitions. Thank you. But it did point out to me that subcontractor's not defined, right? Correct. Now, what do you make of that? Why is subcontractor not defined? That's a good question. I believe it goes back to the fact that you have to look at the common usage of the language, common use of the words. Well, they went out of their way to define original contractor. They went out of their way to define some other words, including the simple word person. And maybe that's just meant to be defined broadly. Anyone who's working under a contract is within that term. But we believe that the statute, rather OGT says that this is supposed to be narrowly interpreted to only those people that are listed, only those class of people that are listed. And we believe that they are specifically listed in here. As you noted, we identified several groups of people. It's any person operating under a contract, and that's, again, the element for all of these, who is operating as a subcontractor, that's one group of person. Anyone who's working for an original contractor is one person. Anyone who's working for a subcontractor, and those include employees, is entitled to a lien. And then finally, anyone who's working for a subcontractor under an original contractor. So you have the second level of subcontractor. Those are the people, at the very least, who are entitled. There may be more, but that's irrelevant for these purposes. And OGT tries to narrow that, and it lists three people. Any person who shall, under contract, perform any labor, furnish any materials or services as a subcontractor under an original contractor, or any person who shall perform any labor or furnish any materials or services as a subcontractor for or to an original contractor, but they don't clarify what's the difference between providing services as a subcontractor under an original or as a subcontractor for an original. I believe that adopting their approach renders much of the statute extraneous or redundant. And the North Dakota Supreme Court has made it clear that statutes are to be construed as a whole and harmonized to give meaning to related provisions and interpreted in context to give meaning and effect to every word, phrase, and sentence. And that's Public Service Commission v. Wimbledon Grain Company, 663 Northwest 2nd, 186. And I believe perhaps one of the most important parts of this here is a person who provides labor is entitled to a lien. Labor is defined as work performed in return for wages. Wages is not defined in the statute, but if you turn to the common usage and look at Black's Law Dictionary, it's defined as payment for labor or services, specifically compensation of an employee based on time, work, or output or production. And it goes on to clarify the profits of contractors where agreements are made for the performance of work are not classed as wages, and so also a person who takes a contract to perform a specified work, such as to build a house, though he does some of the work himself, is not a workman or laborer, and his compensation is not wages. So we believe this all goes to show the fact that the legislature used the word labor, used the word wages, meant to include employees. Because subcontractors, independent contractors, do not receive wages. Employees receive wages. And I'd just like to clarify that here. Request really quickly, to the extent that there's any kind of close issue here, this may be a situation where this case should be certified to the North Dakota Supreme Court for determination, and this court has listed three factors that it considers when doing that. One is whether there's any guidance from the lower courts. Two, whether it's a strictly diversity jurisdiction or federal jurisdiction issue. And three, whether it's a close legal case. We don't believe it's a close legal case, but to the extent that the lower court ruled the other way, it may very well be. Is this the first time you've made that request? I don't recall that being in your brief. It is, Your Honor. A little late in the game for that, but okay. I'd like to reserve the rest of my time for rebuttal. Very well. Yes. Good morning, may it please the court. My name is Julia Nearingarton. I am an attorney at Merrin-Gear, and I'm here representing oil and gas transfer, which I will refer to as OGT primarily. So I'll begin with Mr. Carr's status as OGT's employee. What we haven't discussed so far is the fact that the presumption under the law is that because he performs services for remuneration, he is, or excuse me, was at the time OGT's employee. Is that in the workers' compensation law you're referring to? It's in the workers' compensation law. It's in the unemployment insurance. I believe it's also in the social security disability insurance. But it's not in the lien law itself. No, it's not in the lien law itself. However, it only makes sense that when we're talking about whether an individual is an employee or an independent contractor, that the analysis will be the same, the burden will be the same, because otherwise we'll encounter circumstances where the determination of whether a person is an individual, excuse me, an independent contractor or an employee would be different between the same parties depending on whether it's a dispute under the workers' comp statutes or if it's a dispute in the lien context. It only makes sense that we apply the same factors in determining whether someone is an employee or an independent contractor in this context as well. Of course, the statute could change that. Yes, the statute. What about your opponent's ending argument that the statute does say the word labor, L-A-B-O-R? Yep. What do you reply to that? And labor, by the way, is defined work performed in return for wages. Correct. Wages sounds like W-2 income. Right. And it sounds like your case is unraveling. So what do you say to that? Well, I was rereading the reply yesterday and I pulled the definition from Black's Law Dictionary and the definition is relatively small and we've already discussed it a little bit, but then there's a definition of what? Of wages, excuse me. Oh, okay, go ahead, proceed. And then Mr. Carr quoted from some of the discussion below the actual definition in the dictionary. And if you read that paragraph, and I can read part of it if you'd like me to, it's fairly lengthy. It's clear that what they're talking about is payment for services and the way that they describe it is whether computed by day, week, or month or by the piece or job, which is oftentimes how we may discuss some differentiation between independent contractor versus employee. It says payment for piece or job work is frequently spoken of as earnings, but there's no difference in the sense of payment computed by time. The words earning and wage is often being used together in statutes on the subject. Goes on to describe circumstances where somebody is doing work and maybe getting paid wages, but they're being paid a fixed daily sum or given a rate per unit used, or other circumstances. It's not as clear cut as obviously indicative of employment as Mr. Carr has indicated in his briefing. So the presumption is that he was OGD's employee, unless under the common law, he brings forth evidence establishing that he was in fact an independent contractor. As you discussed a little bit earlier, the common law test is the right to control test. It's the primary and only, and our position is that it's the only test to determine whether someone is an employee under North Dakota law. We lay out the factors in our brief. We lay out the facts that we believe support the conclusion that Mr. Carr is an employee. I'm happy to discuss those, although it feels a little repetitive. So I'm going to proceed by just summarizing a few of the most important facts that we believe support the conclusion that he was our employee. Mr. Carr was subject to our instruction about when, where, and how his work was done. He concedes this in his brief, where he talks about how he was on one or more occasions instructed specifically by OGD not to pursue certain projects because OGD did not have the capability to take those projects on. His services were integrated into the business operations of OGD. His economic success was dependent on OGD's and vice versa. He was required to render his services personally. He worked full time for OGD. He was paid on a set schedule. I believe it was $5,000 or $5,500 per week, regardless of the number of hours he worked or the number of projects he completed in that time. OGD paid his business and travel expenses and determined which expenses were paid or reimbursed. They provided housing and a truck and other equipment for him to do his job. But I think perhaps the most interesting fact that supports that Mr. Carr was OGD's employee was that when he was hired, he filled out a W-4 to indicate his tax withholdings. OGD withheld those taxes and then reported them to both Mr. Carr and the IRS on a W-2. A W-2 is a form that an employer uses to report an employee's income, whereas if Mr. Carr were working as an independent contractor, that income, first of all, he would have paid his own taxes. OGD would not have withheld them. And secondly, OGD would have issued a 1099 instead of a W-2 for his earnings. OGD also offered him employee benefits such as health care and dental care and participation in 401K. And Mr. Carr did hold himself out to be OGD's employees on multiple occasions, including after he commenced his earlier litigation against OGD. So- Did he have a business card? I didn't see that in the arguments. In state court, we used to have that argument about what the business card said that they handed out all the time. That's a good question. It hadn't occurred to me to double-check that. So I don't even- Anything like that in the record? There's not as far as I know. And what did the plaque on the desk say? And what did the sign above the door say? I, unfortunately, I don't have that specific information. Those are good questions, and I am sort of kicking myself for not asking them. And the other is the telephone directory and the internet directory and the website. Yep, so I knew- How did they show him? I know that they did provide a hotspot for him to be able to do his work, you know, remotely out, excuse me, remotely out on site and things like that. But I don't know. I know that they provided his truck. I don't know whether the truck was specifically branded OGT or if it was a sort of generic pickup truck kind of a thing. Unfortunately, I don't have the answer to those questions. That information is not in the record. So our conclusion, as you can tell from my argument, is that he was our employee. And then the question becomes whether under the subcontractor's lien statute in North Dakota, an employee is entitled to a lien. Now, our position is that he is not entitled to a lien because the statute doesn't provide lien rights to employees. As we laid out pretty detailedly in our brief, we've identified three categories of people entitled to liens under the statute. All categories are subcontractors. It's a little complicated, so I'm... Council, what if we determine that there are two ways to read the statute and that the statute is ambiguous? Where does that lead us? Then we have to determine what the legislative intent was, I believe. Well, if it's ambiguous, aren't we required to construe it broadly to protect employees? Yes. Sorry. Yes, that is the intent. I'm sorry, excuse me. If it's ambiguous, yes, you have to construe it broadly. That does not necessarily result in a conclusion that he is entitled to a lien. It just sort of changes the analysis a little bit.  I do not concede that it's ambiguous. Our position is that there are three categories. The first one is any person who shall, under contract, perform any labor or furnish any material or services as a subcontractor under an original contractor. This category is intended to sort of encompass the construction relationship that exists. Construction contracts are fairly complicated. Projects are often big and sometimes sprawling. And the statute is designed to make sure that it encompasses all subcontractors on the project. So when they're talking about this first category, the subcontractors under an original category, they're talking about the vertical relationship between the original owner of the property down through the original contractors on the project into the subcontractors all the way down to the bottom layers of subcontractors. Okay, do you think that phrase includes two or three tiers of subcontractors? Or does that first phrase include one tier of subcontractors? I believe it includes all of the subcontractors that come under an original contractor all the way down to the bottom. I don't think this statute is intending to write out any type of subcontractor. Well, no, I'm just talking about the first phrase. As a subcontractor under an original contractor. Right. Imagine it had a comma there. Right. Okay. So you say that includes all the tiers all the way down? Right. Okay, go ahead. And what's the difference then between that and working for or to an original contractor? Thank you for asking that question. That sort of is where the statute catches all the other types of subcontractors who may work on a project. So as I said, these projects are typically very complicated. The relationships can get very tangential. And there are circumstances where an original contractor or a subcontractor may bring in a supplier or a sub to do one discrete thing. For instance, they may hire someone to deliver concrete to the project. That relationship is just a discrete relationship between the person in the vertical relationship and one individual who is supplying that service to or for the one subcontractor. Does it include employees of the original contractor or subcontractor? No. Why not? It says labor, perform any labor to an original contractor or subcontractor. See how you read it? That is what it says. Yeah. So it gets employees of an original contractor and employees of a subcontractor, surely. Only if you read labor to only apply to employees. No, I read labor to mean anything. Labor to mean action. Right, okay. Let me back up a little bit. I think what you're referring to- It's just a plain reading. Any laborer, let's do the first phrase is laborer. Let's get it down to one word. Any laborer who does anything for or to an original contractor or subcontractor. So an employee of an original contractor, employee of a subcontractor may have a lien here. As you know, that's common in normal liens. You know, material men's liens, they still call them in that. In my state, they have the man in their material men's liens. So why an employee of an original contractor and an employee of a subcontractor? Well, labor is defined in the statute as work performed in return for wages. Right, which is what laborers do, employees do. Right, but I think that we are making an assumption that this includes an employee. Well, no, help me with the very simple idea. This may not be a death knell to your case. Think about what I'm saying. Right, do you follow the logic? Why doesn't it mean any person who under contract labors for an original contractor or subcontractor? Because you're reading as a subcontractor out of the statute. That clause, it says any person who shall under contract perform any labor, let's say we're just talking about labor, as a subcontractor. It has to be as a subcontractor. You equate the two prepositions under and or as being parallel. And as a subcontractor to apply to all of it, right? Correct, as a subcontractor. But then you have the problem because your reading says as a subcontractor is all the tiers and everybody. Correct. The statute is redundant. The first phrase includes everybody in the second phrase. I'm sorry, which part of the statute is redundant? You say as a subcontractor means any kind of contract, any kind of subcontractor. Correct. Right, so any kind of subcontractor is one this way, that way, any kind of subcontractor. Right. Okay, so I think the as a subcontractor, the way you read it, includes the second phrase. The second phrase for or to a subcontractor? Correct. Under an original contractor? Sure. I can see where that confusion comes in. When I'm talking about these sort of discreet relationships, I'm not talking about, for instance, somebody who's got a contract with a subcontractor that refers back to the original contract that flows all the way up. It's more like a subcontractor who provides services on a purchase order sort of a thing where it's, they're providing labor, services, materials to a specific subcontractor, but they are not part of it. You think the word under means directly with? Within that vertical relationship. Kinda. Counsel, it seems to me that the further you get into the statute, the more confusing it becomes. But one thing we know for sure is that the term under contract applies to all the subsequent categories. And isn't that really the key to interpreting the statute? Yes. So that corresponds with this interpretation that we're engaged in here. So the under contract has to be applied in each of our three categories. And what it's saying is that any person, which the statute defines, who is acting under contract as a subcontractor to perform these various services, furnish materials or labor, sorry, material or services, is entitled to a lien. If there's not a contract that sets up the subcontractor relationship that sort of denotes how these parties are related to one another, then they are not entitled to a lien under the statute. Thank you. To read, oh, I'm sorry, I'm out of time. I apologize. No problem. Thank you, and we just respectfully ask that you affirm the district court's ruling. I apologize for not noticing that. No problem, it hadn't been that long. Mr. Burke, rebuttal. Thank you. Thank you, your honors. I want to touch on a couple of quick issues that were raised. I don't know that I've properly, I guess, explained the control issue before. Control is the dominant factor, but as the appellees pointed out in their brief, control is determined by looking at all the other elements. So you really do need to look at all of the elements to determine control. It's not just you do this and he does it. So what element goes in your favor? It seems like almost all of them go the other direction. Well, and that's the lower court acknowledged that there are a number of factors on both sides, and they just never made any determination on that. They said, well, the majority are over here, so we're gonna go on this side. So there's so many factors. They all need to be considered. They all need to be given proper weight, and we just don't believe that was done. Counsel, I'd like to hear more about your discussion with Judge Benton on the definition of labor as work performed for wages and how that may relate to your argument. I'm not sure what more I really have to add to that other than to point out, or I guess to clarify, that the labor is meant to cover all work done by, or done for wages, and wages, again, it comes back to that employee issue. Do they have to be employees of a subcontractor, though? They don't have to be employees of a subcontractor. Well, now, be careful, because the first phrase you understand clearly says, you agree, covers the first-tier subcontractor as a subcontractor of the original. You agree that's a first-tier, right? The subcontractor is the first-tier. Yeah, right, you agree with that. Now, the second one, for to an original contractor or subcontractor, that sounds like an employee of the original contractor or a subcontractor, right? Yes, it's an employee of the original contractor or an employee of the subcontractor. Correct, that's your best case, right? But it's gotta be an employee, correct? For that tier, yes. Okay, thank you. And then the third tier is, it also covers any person who operates as a subcontractor under an original contractor. So we believe there are four tiers that are covered. And then I guess the only other issue, perhaps the appellee's counsel ran out of time, but they list a third class of people, and I'm not quite sure how that would factor in with the current argument. There's this vertical group of people, and then there's kind of this ancillary group. I'm not sure where this third group, people who provide materials and services under a contractor as a subcontractor or for to a subcontractor on an original contractor. Very well. Thank you, Your Honor. Thank you. I think we'll hear the second case back-to-back.